[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REARGUE AND FOR EXTENSION OF TIME IN WHICH TO FILE APPEAL DATED SEPTEMBER 13, 1999
The defendant's motion for extension of time to file the appeal is granted, and the defendant has until twenty days from the date this decision is filed to file his appeal of the court's decision.
In the motion to reargue, the defendant raises the following issues. The defendant points out that the memorandum of decision on page 5 states that the current marital residence was "financed in part with a first mortgage in the amount of $164,250, with a balance of $21,937.81 paid by the defendant including settlement charges" and that the memorandum of decision also states that "the defendant did not contribute any money towards the purchase of the family home." So much of the memorandum of decision as states "the defendant did not contribute any money towards the purchase of the family home" is corrected to read "the plaintiff did not contribute any money towards the purchase of the family home."
The motion to reargue also raises the issue of the fact that although the court entered a shared custody order of the two children, the court did not deviate from the child support guidelines. Under the child support guidelines, shared custody is a basis to deviate from the guidelines. In order to deviate from the guidelines under a shared physical custody, deviation is warranted only when: (1) such arrangement substantially reduces CT Page 14107 the custodial parent's, or substantially increases the noncustodial parent's expenses for the child; and (2) sufficient funds remain for the parent receiving support to meet the basic needs of the child after deviation.
In this case, there was no evidence presented as to whether the shared custody arrangement either substantially reduced the plaintiffs expenses or substantially increased the defendant's expenses. Accordingly, this court did not deviate from the child support guidelines as the presumption that the guidelines are the correct amount was not rebutted in this case. Further, the shared physical custody deviation criteria under the child support guidelines provides in part as follows:
 In some cases, there maybe special circumstances not otherwise addressed in this section in which deviation from presumptive support amounts may be warranted for reasons of equity.
Under the guidelines, even where shared custody exists and the evidence shows that the arrangement substantially reduces the custodial parent's or increases the noncustodial parent's expenses, and there is sufficient funds remaining for the parent receiving support to meet the basic needs of the child after deviation, it is still not mandatory that the court deviate from the guidelines. It is still within the discretion of the court as to whether deviation is warranted. In this particular case, this court would not have deviated from the guidelines even if the necessary facts for deviation had been proven.
The motion to reargue also raises the issue of the award of personal property. In support of this argument, counsel for the defendant claimed that at the time of trial a list of personal property marked as Defendant's Exhibit 10, was introduced as a full exhibit that the parties entered into an agreement as to how the personal property shown on Defendant's Exhibit 10 was to be distributed. Defendant's Exhibit 10 was introduced as a full exhibit on June 10, 1999. The transcript of the proceeding leading to the introduction of that exhibit is as follows:
 Q Ms. Alter, I am in receipt of a six page document and I'll ask you to look at it. Is that something that you and your attorney prepared?
A I prepared it. CT Page 14108
Q And what is it?
 A It's a list of most of the property in the West Lake Avenue house.
 Q And this is — is it fair to say that this is property that either you claim you own solely or with my client or he may claim he owns solely?
A Yes
Q Correct?
A Yes.
Q I'd like to offer this, judge.
THE COURT: Counsel?
 MS. GILLEN: I just don't know what the relevance of it is, your Honor. I thought that we were going to discuss — I haven't heard anything on it. I didn't think that the Court was going to make a determination on property. We've provided that to them. So we —
 MR. CELOTTO: Your Honor, I was offering it. I know in my claims I've asked — I'm mindful of what the Court's position in matters such as this one has been in the past. I didn't know whether your Honor was going to entertain this because I know your Honor has asked us for this list. If your Honor wants to reserve it for family division, that's fine with me, judge.
 THE COURT: I'm prepared to address it. That's why I'm here.
 MS. GILLEN: That's fine, then, I will withdraw my objection, your Honor.
 THE COURT: If the parties can't agree, whatever time it takes we'll address it.
MR. CELOTTO: Thank you, your Honor. CT Page 14109
THE COURT: It may be marked as a full exhibit.
 THE CLERK: Defendant's Exhibit 10. (Whereupon, the document was marked as Defendant's Exhibit Ten.)
 THE COURT: Yes or no, have the attorneys attempted to discuss with one another what items the defendant is seeking and which items the plaintiff does or does not agree he should have.
 MR. CELOTTO: No, we haven't, judge, and with that advice and gentle admonishment, I don't —
 THE COURT: That was only a question. It was not advice and it was not an admonishment.
 MR. CELOTTO: We haven't, judge, but to expedite matters, I'll endeavor to do that at the break with Attorney Gillen so we can narrow our inquiry.
 THE COURT: Why don't we take a break at this time, the afternoon recess and whatever additional time you may want to discuss that list and if there's a dispute on it, perhaps what you can do if there's certain items that are agreed upon, they can be shown as to the plaintiffs, if certain items are agreed upon to the defendant that can be added to the list and then we'll see what's left in dispute, but in the meantime we'll take a break at this time and see just how far apart you are. I have no problem whatsoever if you disagree on everything. You know, if you want to go through everything, whatever time it takes, I'll take it.
 (Whereupon, Court recessed at 3:00 p. m. and never went back on the record.)
This court finds that the parties never reached an agreement as to the division of the personal property at the time Defendant's Exhibit 10 was marked as a full exhibit and it was therefore left to the court to determine the division of personal property. If the parties had submitted to the court an agreement regarding the division of personal property that differed from what the court ordered, then this court would have entered orders in accordance with the agreement of the parties. However, such agreement of the parties would not have affected any of the other orders entered by this court. CT Page 14110
The defendant in the motion to reargue also has reargued the issue of distribution of assets and debts under paragraph 7 of the motion to reargue that states "there are numerous other discrepancies which have resulted in an inequitable distribution of assets and debts."
The court finds that there is no grounds for the court to modify the distribution of the assets and debts.
In summary, the motion to reargue is granted insofar as correcting the sentence that originally reads that "the defendant did not contribute any money towards the purchase of the family home" and the motion is denied in all other respects.
Axelrod, J.